# KENTUCKY COURT OF APPEALS

RICHARD OVERTON *v.* PRESTON MEANS.

[Abstract Kentucky Law Reporter, Vol. 2—211.]

**Vested or Contingent Interest in Real Estate.**
>    Whether an interest of a devisee in real estate is vested or con-
> tingent, it is vendible and subject to sale to satisfy its owner's debts.

**Estoppel of Debtor.**
>    One called upon to make discovery and to disclose the extent of
> his right and interest under his father's will should state the facts
> and take necessary steps to enable the court to determine his rights,
> and where he fails to do so and judgment is taken against him he
> must abide the result of his own neglect to make a more complete
> discovery.

APPEAL FROM FAYETTE CIRCUIT COURT.

February 1, 1881.

OPINION BY JUDGE COFER:

We do not deem it important or even proper, in the absence of
other parties interested in the question, to determine whether the
appellant has a vested or contingent interest in the land devised
by his father. Whether it be the one or the other, it is vendible
and subject to sale for the satisfaction of his debts. Gen. Stat.
(1879) Ch. 38, Art. 12, § 1.

The appellant was called upon to make discovery, and if he
deemed it to his interest that the extent of his right under his
father's will should be ascertained by the judgment of the court,
he should have stated the facts and taken the steps necessary to
enable the court to do so. These facts were peculiarly within his
knowledge, and having failed to state them, when called upon to
disclose his effects for the satisfaction of the judgment against him,

1

he must abide the result of his own neglect to make a more complete discovery.

Judgment *affirmed*.

*F. Waters*, for appellant.

*T. N. Allen*, for appellee.

[Cited, *McAllister v. Ohio &c. Trust Co.*, 114 Ky. 540, 24 Ky. L. 1307, 71 S. W. 509; *Davis v. Willson*, 115 Ky. 639, 25 Ky. L. 21, 74 S. W. 696.]