ELIZABETH MAYS ET AL. *v.* W. N. HANNAH ET AL.

[Kentucky Law Reporter, Vol. 4—50.]

**Statute of Limitations.**

The cause of action of a remainderman for the possession and recovery of real estate does not accrue until the death of the life tenant and the statute of limitations begins to run against such remainderman from the date of such death.

**Division of Ancestor's Real Estate.**

Where a testator gave land to his widow for life with a fee to his four children and before the partition of the land the widow and three of the children conveyed certain portions of the land to the husband of the other child, evidently intending the conveyance for the benefit of the grantee's wife as one of the owners, and the husband of such child conveys 3½ acres thereof to a college which placed valuable improvements thereon, and several years thereafter and after the death of the husband in a partition between the heirs of the ancestor such child accepts said 3½ acres as a portion of the real estate, she knowing that her husband had conveyed the same and that his grantees were claiming to own it and had improved it, such college being purchasers in good faith had the right to say that the interests of the three heirs conveying to its grantor at least passed under the conveyance to it, and it could have compelled said heirs to have conveyed to such child, wife of its grantor, sufficient land adjacent to her own tract as would make up the deficit by reason of the conveyance to the college by her husband.

APPEAL FROM GRAVES CIRCUIT COURT.

May 13, 1882.

OPINION BY JUDGE PRYOR:

In 1842, John Anderson, who owned the northeast quarter of Sec. 10, Twp. 3, adjoining the town of Mayfield, departed this life, leaving his widow and four children surviving him. His daughter, Elizabeth, prior to her father's death, married R. L. Mays, who is also dead. Shortly after their marriage she and her husband moved on a part of this land, including the land in controversy.

Anderson, by his will, gave his estate to his wife for life, and at her death to be divided between his children. In the year 1851, Mrs. Anderson and her three sons conveyed directly to R. L. Mays, the husband of the appellant, Elizabeth, the land upon which she and her husband lived, and on the face of the deed it is manifest that it was to be considered as a part of the inheritance, or rather a part of the devise to Mrs. Mays from her father and to be accounted for by her in the final division of the estate. No division was then made and none attempted to be made until the year 1866. The husband of Mrs. Mays died in 1861. Prior to his death, in the year 1853, he conveyed by quitclaim deed, $3\frac{1}{2}$ acres of the land conveyed to him by Mrs. Anderson and her sons, to the trustees of the Mayfield Presbyterian Seminary, and these trustees conveyed it to the trustees of Graves College. Valuable improvements were made on this lot in the way of college buildings, and no claim set up adverse to the claim or title derived by the trustees from Mays, until the year 1875, when this action was instituted by Mrs. Mays to recover the land. Her mother, who owned a life estate, did not die, however, until the year 1864, and therefore, the statute did not begin to run against Mrs. Mays until her mother's death, she having no cause of action until that time. It is certain that her mother and brothers had no right to convey the land to her husband, and that his conveyance to the trustees of the college did not deprive her of title to her full share of the estate. The appellant knew, however, that her husband had sold this land and that these parties (trustees) were claiming to own it by reason of this purchase. No division of the land left by her father was made until five years after her husband's death, and when that division was made she saw proper to accept, as a part of the land to which she was entitled,

this 3½ acres of land, then in the possession of the trustees of the college, under the deed from her husband.

Her mother and brothers had conveyed this land to her husband, and as these trustees (appellees) were purchasers in good faith, they had the right to say that the interest of her brothers, which was three-fourths at least, passed under this conveyance, or if not, having entered upon this land of but little value and erected upon it valuable buildings, and no division having been made between the heirs, the trustees could have compelled the brothers of Mrs. Mays to have conveyed her as much land, adjacent to her own tract, as would have made up the deficit, by reason of the conveyance to the trustees by her husband. As there had been no division of the land, why, in a court of equity, did not these appellees have the right to require that this much of the land should be taken from the brothers, or one of them, and allotted to Mrs. Mays, so as to adjust equitably the rights of all the parties. Instead of this the division is had with a full knowledge of all the facts, and without making these trustees parties in any way. The appellant accounts for the land in the division, where she was under no obligation to do so, and in ten years after institutes the present action.

In equity this land could have been left in the quiet possession of the trustees and the brothers made to account for their wrongful acts in conveying it to their brother-in-law, instead of conveying it to their sister, and there is no reason why the chancellor should not, under the circumstances, require Mrs. Mays to seek this equitable relief.

Under this view of the case the appellant has no reason to complain of the mechanics' liens that were allowed upon the property. As she has no claim upon the land, the error against the trustees will not authorize a reversal in her favor.

Judgment *affirmed*.

*John A. Mayes, W. A. Turner, A. Duvall, E. W. Hines, for appellants.*

*Wm. Lindsay, for appellees.*

[Cited, *Davis v. Wilson*, 115 Ky. 639, 25 Ky. L. 21, 74 S. W. 696.]