CASE 111.—ACTION BY ELSIE BRIGGS GETTYS AGAINST JOHN A. CARTER'S TRUSTEE.—June 17, 1910.

## Carter's Trustee v. Gettys.

Appeal from Jefferson Circuit Court (Chancery Branch, First Division).

SHACKELFORD MILLER, Judge.

From the judgment defendant appeals.—Affirmed.

Perpetuities—Suspension of Absolute Power of Alienation.—Testator devised a third of the income of certain property to his widow and a third to each of his two daughters, directing that on the widow's death her share should be equally divided between the daughters, or, if either should die without issue, the survivor to receive the entire income, but further providing that, if either of the daughters should die leaving descendants, the latter should take her share in fee simple, the trust to continue, however, so long as they should live. Held, that on the death of a daughter an absolute estate in fee vested in her descendants, and that that part of the will providing that the trust should continue during their lives was void under the statute against perpetuities; there being no practical difference between a devise restraining in express terms alienation beyond the time allowed by statute, and a devise in trust by which the power of alienation is taken from the beneficiaries for a similar length of time.

W. PRATT DALE for appellant.

EDWARD W. HINES, T. J. BAILEY and McCHORD, HINES & NORMAN for appellee.

OPINION OF THE COURT BY JUDGE HOBSON—Affirming.

John A. Carter died in Jefferson county in the year 1894, the owner of a considerable estate. By his will which was duly admitted to probate after his death, he made certain specific bequests, and by the eleventh clause disposed of the remainder of the estate. That clause reads as follows: "All the rest and residue of my estate, real, personal and mixed, I give, devise and bequeath to the Fidelity Trust and Safety Vault Company in trust for the use and benefit of my beloved wife, Albana C. Carter, and my dear children Caroline S. Briggs and Anna Briggs Carter, in equal shares of one-third to each. In making this division, my wife is only to be charged with the ten thousand dollars hereinbefore given her, but my two children are to be charged with all advancements which I have made or may make to them and each of them is to be charged with the five thousand dollars hereinbefore given her. The said executor and trustee shall pay the net income semi-annually as follows, to wit: One-third to my wife, one-third to my daughter, Carolina S. Briggs, and so much of the remaining third to my wife as testamentary guardian for my infant daughter Anna Briggs Carter, as she may demand for the support, maintenance and education of said Anna during her minority. So much of said income to Anna as shall not be demanded by my wife for her support, maintenance and education shall from time to time be capitalized and invested for her benefit by my executor and trustee, and when my daughter

Anna attains her majority, and so long thereafter as she lives her one-third of the income shall be paid to her as her separate estate. The third of said income devised to my daughter, Carolina S. Briggs shall be paid to her as long as she lives and after her death to her children so long as they live. It shall also be paid to and held by her as separate estate. My wife shall continue to receive her third of said income so long as she lives and at her death the same shall be equally divided between my two daughters, so that each shall receive an equal share thereof, so long as they live, but if either shall die without descendants the survivor shall receive the entire income. If, however, either of my said daughters shall die leaving issue or descendants, the said descendants shall take her share of my estate in fee, but the trust aforesaid shall continue so long as they live."

At the time of his death, Carolina S. Briggs was about 41 years of age and had three children, all infants. His daughter, Anna Briggs Carter, was an infant and unmarried. The widow, Albana C. Carter, died in January, 1909. Carolina S. Briggs died soon thereafter, leaving three children, all adults, two of them being married women. Anna Briggs Carter is now the wife of J. A. Stewart, and has three children. Carolina S. Briggs had no children after her father's death. This suit was brought by the three children who were living at her father's death, and who survived her, to have the trust discharged and their part of the estate paid over to them. The circuit court adjudged them the relief sought, and the trustee appeals.

It will be observed that the third of the income is devised to the widow, and each of the daughters, and that the third devised to Carolina S. Briggs, is di-

rected to be paid to her as long as she lives, and after her death to her children so long as they live. Upon the death of the widow her part of the income shall be equally divided between the two daughters, or, if either shall die without issue, the survivor shall receive the entire income. If, however, either of the daughters shall die leaving issue or descendants, the descendants shall take her share of the estate in fee simple; but the trust shall continue so long as they live.

It is clear from the will that, at the death of either of the daughters leaving issue or descendants, the estate passed in fee to them. There is no attempt to limit the estate further. No one else has any interest in this part of the estate. It is also clear that, after the death of the testator, his daughter, Mrs. Briggs, might have borne other children; all Mrs. Stewart's children have been born since. So that to continue the trust during the lives of all his grandchildren would be to continue it beyond a life or lives in being and 21 years and 10 months thereafter. Active duties are imposed upon the trustee; it is to manage and control the estate, and only the net income is devised to the original devisees, Mrs. Carter and her two daughters. But the language of the will is that, upon the death of either of the two daughters leaving descendants, the said descendants shall take her share of the estate in fee. The fee in the property is thus devised to the descendants at the death of their mother. An absolute estate is thus vested in them in the property itself, and so much of the will as provides that the trust shall continue during their lives is inconsistent with the statute. The two daughters did not take a fee; they only took the net income during their lives, but, at the death of either of them leaving issue, her

share of the estate passed in fee to her descendants, and the effort to place the estate in the hands of a trustee and beyond their control indefinitely is void under the statute against perpetuities. There is no practical difference between a devise restraining in express terms alienation beyond the time allowed by the statute, and a devise of property in trust by which the power of alienation is taken away from the beneficiaries for a similar length of time. To sustain such a devise would be to nullify the statute because its provisions could in this way be always evaded.

Judgment affirmed.