### Hurst et al. v. Russell.

(Decided Dec. 21, 1934.)

JAMES H. JEFFRIES for appellants.

JAMES W. SMITH and J. E. SAMPSON for appellee.

OPINION OF THE COURT BY JUDGE DIETZMAN—Affirming.

By his last will and testament, John C. Colson, Sr., devised a tract of land in the city of Middlesboro to his daughter, Eudoxia Olivia Colson, who later married and is now the appellant, Eudoxia Colson Hurst, in the following language:

"To have and to hold the said premises above mentioned and described during her natural life, then to her lawful heirs and assigns forever."

On December 13, 1927, Eudoxia Colson Hurst, then a widow, and her two sons, Wm. D. Hurst, Jr., and John C. Hurst, also appellants herein, mortgaged the property above mentioned to the appellee to secure him the repayment of a loan of $2,500 that day made them by him. The debt not being paid when it fell due, this suit was brought to foreclose the mortgage. Various defenses were made, and, on final hearing, the court gave judgment against the appellants for the amount of the loan and interest, and further adjudged that, by the will of John C. Colson, the appellant Eudoxia Colson Hurst took a life estate in the property devised to her; that Wm. D. Hurst, Jr., and John C. Hurst were contingent remaindermen in the same; that the appellee had a lien on this life estate and the contingent remainder of these sons; and that the life estate of Eudoxia Colson Hurst and the contingent remainder of Wm. D. Hurst and John C. Hurst should be sold to satisfy in so far as they would the mortgage debt. From that judgment this appeal is prosecuted.

As we read the appellants' brief, it is not contended that the court erred in adjudging that appellee had a lien upon the life estate of Eudoxia Colson Hurst and in ordering it sold, but it is insisted that nothing passed under the mortgage in so far as Wm. D. Hurst, Jr., and John C. Hurst are concerned, since, as it is argued, they had no interest in the property, but at best only a hope or an expectancy which might at some future time become an interest in the land. As a premise for this

contention, they rely upon the maxim "nemo est hæres viventis." What interest the appellants W. D. Hurst and John C. Hurst had in this estate is definitely settled by the early case of Williamson v. Williamson, 18 B. Mon. 329. In that case there was a devise of a certain tract of land to the daughter of the testator "during [her] natural life and at [her] death the title to the same is to vest in [her] heirs in fee forever." After pointing out in that opinion that the rule in the Shelley Case does not obtain in this state (See Kentucky Statutes, sec. 2345), we held that the daughter took a life estate with a contingent remainder in the heirs. To the same arguments advanced in that case as appellants make herein that "nemo est hæres viventis," we said:

> "In such a case the ancestor takes nothing but a life estate, and the devisees and remainder do not take as his heirs, but take under the will—the person or persons answering this description at his death * * * being the devisees, and entitled to the estate in remainder."

Thus we see that the Hurst sons here do not take as heirs of their mother, but take under the will of their grandfather; that the word "heirs" in the will of their grandfather is used to designate a class, the members of which cannot be determined until the death of the daughter. So a devise to a daughter for life with remainder to such of her children as may be living at the time of her death is the creation of a life estate in the daughter with a contingent remainder over. The remainder is to a class, children living at the time of the death of the life tenant, but who will compose that class, of course, cannot be known until the death of the daughter. This principle of the Williamson Case has been followed in a long line of cases, the last of which is Cox v. Corrigan-McKinney Steel Co., 248 Ky. 426, 58 S. W. (2d) 625. Since Mrs. Hurst took a life estate in the property in question with a contingent remainder in her heirs, it follows that her two sons were contingent remaindermen at the time they executed this mortgage. Being such, they had the power under the statute, section 2341, Kentucky Statutes, to mortgage their contingent interest. In the case of Davis et al. v. Willson, 115 Ky. 639, 74 S. W. 696, 697, 25 Ky. Law Rep. 21, the devise was to a son for life with remainder to his children living at the time of his death. During the life of the son, one of his children mortgaged her contingent re-

mainder, and the question in that case was as to the validity of the mortgage. In holding the mortgage of the contingent remainder valid, we said:

"She had the right to mortgage her contingent interest. Section 2341 of the Kentucky Statutes of 1899 provides: 'Any interest in, or claim to, real estate, may be disposed of by deed, or will, in writing.' In construing this section, this court, in the case of the Bank of Louisville v. Baumeister, 87 Ky. 6 [9 Ky. Law Rep. 845], 7 S. W. 170, said: 'And that the right to dispose of such interest or claim was intended to include the right to mortgage, as well as to sell absolutely, is unquestionable; for it is well settled that every kind of interest in real estate may be mortgaged, if it be subject to sale and assignment. Jones on Mortgages, sec. 136.' The court then held that an option upon real property was such an estate as was subject to sale and mortgage. In the case of Overton v. Means, 2 Ky. Law Rep. 211, this court said: 'Whether an interest by devise in lands is vested or contingent, it is vendible, and subject to sale for the satisfaction of debts.' In the case of White's Trustee v. White, 86 Ky. 603 [9 Ky. Law Rep. 757], 7 S. W. 26, it is said: 'It is contended that by the common law the contingent remainder could not be sold by a decree of court for the reason that the decree could operate on the title only, and, as no title passed to the contingent remaindermen until the happening of the contingency, there could be no sale in the interim by a decree of court. But section 6, art. 1, c. 63, Gen. St. (section 2341, Ky. St.), provides: "Any interest in, or claim to, real estate may be disposed of by deed, or will, in writing." This provision clearly embraces a contingent remainder interest in the land.' To the same effect is McAllister v. Ohio Valley Banking & Trust Co.'s Assignee [114 Ky. 540, 24 Ky. Law Rep. 1307], 71 S. W. 509.''

In this connection we may compare the Cox v. Corrigan-McKinney Steel Co. Case, supra, wherein we held under a deed which was for the purpose of the case agreed to be one conveying land to A for life, remainder to the heirs of A, that a joint action could be maintained by A and the contingent remaindermen for trespass committed upon the property in question. The cases above cited being conclusive of the question herein

involved, we are of the opinion that the Hurst sons could mortgage their contingent interest in the property here involved and the court did not err in adjudging appellee a lien upon the same and ordering this contingent interest sold as he did.

The judgment is affirmed.