## Bradshaw v. Waggener et al.

(Decided Feb. 15, 1935.)

WHEELER, WHEELER & SHELBOURNE for appellant.

C. C. GRASSHAM and W. M. HUSBANDS for appellees.

OPINION OF THE COURT BY JUDGE PERRY—Reversing.

The facts, so far as material to the question involved upon this appeal, are not in dispute, and the statement thereof, as summarized in briefs of counsel, may be adopted so far as deemed required for presenting and determining the question here before us.

Isaac Clark and his wife, Julianna Bradshaw Clark, had five children. Isaac Clark died in 1858, leaving a will. The particular clause of his will here involved is as follows:

"I will and bequeath to my dear daughter, Ora Clark, during her natural life and at her death to descend immediately to her heirs, the following property, to-wit."

Property was also devised to his other four children by like clauses, whereby life estates in certain properties were devised them, with contingent remainders immediately to their heirs. The names of these five devisees and the date of their respective deaths are as follows: Anna R. Fortson, February 9, 1861; Luther Henry Clark, July 30, 1884; Luella Clark, November 19, 1907; Fannie E. Rowland, March 26, 1914; Ora Clark, August 26, 1918.

Clark's children all died without living issue surviving them, and Ora Clark was the last of the five children to die. W. F. Bradshaw acquired title to the property in question, not as an heir, but as the devisee of Ora Clark.

Isaac Clark had a sister, Sallie, who married Randolph Peyton Waggener. This is a suit filed in the McCracken circuit court by Charles H. Waggener and H. L. Waggener, two great grandchildren of Clark's sister, Sallie Waggener, under and through whom they claim as against the appellant, Rosena W. Bradshaw, widow of W. F. Bradshaw (the devisee of Ora Clark), and under

and through whom she claims right and title to the property devised Ora Clark here in question.

Upon final submission of the cause, the chancellor decreed adversely to Mrs. Bradshaw, the appellant, and that the appellees, Charles H. and H. L. Waggener, were entitled to an undivided one-half interest in the involved Ora Clark property.

From that judgment this appeal is prosecuted by the widow of W. F. Bradshaw.

While this action was pending in the McCracken circuit court, the same plaintiffs instituted a like action in the Ballard circuit court against I. L. Penn and others, who there defended, claiming title under Ora Clark, as the last surviving child and heir of Isaac Clark, under whom Mrs. Bradshaw, the appellant, is also here claiming as her source of title. The Ballard circuit court adjudged that the plaintiffs, Charles H. Waggener and H. L. Waggener (the great grandchildren of Isaac Clark's sister, Sallie Clark Waggener), thus suing as Isaac Clark's collateral heirs, took no interest in the property.

Upon an appeal from the judgment of the Ballard circuit court, its judgment was recently affirmed in the case of Charles H. Waggener et al. v. I. L. Penn et al., decided December 21, 1934, and reported in 257 Ky. 124, 77 S. W. (2d) 427.

It thus appears that the identical question here presented, in seeking a reversal of the McCracken circuit court's judgment finding for the appellees, was presented and determined adversely for the same appellants in the Penn Case, supra.

The judgment of the McCracken circuit court, awarding recovery to the appellees as Isaac Clark's collateral heirs, here appealed from, was entered and became final before the Ballard circuit court's decision of the Waggener v. Penn Case, holding otherwise, was by us affirmed, and this appeal is now prosecuted by appellant, to protect her title to the involved property, by securing a reversal of the trial court's judgment and one in harmony with this court's later decision made in the like Penn Case.

In the Waggener v. Penn Case, in considering the question as to where was the contingent remainder

estate pendent on the devised life estate during the contingency and until it was determined, we decided that, where a testator devised an estate to his children for life, with remainder at their deaths to descend immediately to their heirs, it was clear that the remainder interest thus created was a contingent one, and, where there were no grandchildren living at the time of testator's death, the remainder was a reversion in the testator, and passed to the heirs of the testator under the statute of descent and distribution, subject to be defeated by the later birth of children who survived at the time of the death of the last of testator's heirs; that is, that the contingent remainder interest passed, subject to such defeasance, upon the death of the testator to his legal heirs, not under the will, but under the statute of descent and distribution.

In the case of Coots v. Yewell, 95 Ky. 367, 25 S. W. 597, 26 S. W. 179, 16 Ky. Law Rep. 2, the grantor had conveyed an estate for life to his son, with contingent remainder to the children of the son, if any there should ever be. In that case, we held that, by the deed there in question, the grantor did not part with the fee, but that it remained in him as a reversion ready to come into effect on the termination of the life estate without issue surviving, and passed upon his death by inheritance to his heirs at law; that, when a contingent remainder is created by deed, the title remains in the grantor until the contingency happens, and, if the death of the grantor occurs before the time fixed for the contingency to happen, title passes by inheritance under the statute of descent from the grantor to his heirs upon his death. To like effect, as precedents supporting the rule announced in the Waggener v. Penn Case, see Bourbon Agricultural Bank & Trust Co. v. Miller, 205 Ky. 297, 265 S. W. 790; Baxter v. Bryan, 123 Ky. 235, 94 S. W. 633, 29 Ky. Law Rep. 658; Newton v. Southern Baptist Theological Seminary, 115 Ky. 414, 74 S. W. 180, 24 Ky. Law Rep. 2310; Walker v. Irvine's Executor, 225 Ky. 699, 9 S. W. (2d) 1020; also Gray on Perpetuities (2d Ed.) pp. 11, 13, and 21; and 21 C. J. 993.

Therefore, in view of our conclusion reached, that the principles and holding of this identically analogous Penn Case, supra, are of controlling authority in our determination of the question here presented and con-

clusive of the rights of the parties upon this appeal, the judgment of the learned chancellor, being not in harmony therewith is reversed, with direction to withdraw the same and enter in lieu thereof a judgment consistent with this opinion, based on the authority of the Penn Case, supra.