## Renaker v. Tanner.

(Decided May 28, 1935.)

(As Modified on Denial of Rehearing June 18, 1935.)

282

J. M. LASSING and N. E. RIDDELL for appellant.
BEN H. RILEY for appellee.

OPINION OF THE COURT BY STANLEY, COMMISSIONER—
Reversing.

Complying with a contract of sale and purchase of certain property in Covington, the appellee, Mrs. Ella Grubbs Tanner, tendered deeds to the appellant, J. G. Renaker. He declined to accept them because of the title. The circuit court held the deeds would convey a fee-simple title, and decreed specific performance. The parties desire consummation, but we are constrained to hold that absolute title does not rest in the appellee and the present contingent remaindermen, who joined in the tendered conveyance by quitclaim. This is upon the terms of the will of Mrs. Tanner's father, Marion Grubbs.

Because of his experience with courts and lawyers, he said, the testator admonished his children, to whom he devised his property, "to keep away from all courts as far as you can." However, they have been compelled to resort to the courts in order to find out what he meant by what he said in distributing his estate among them.

The material part of the will is as follows:

"I, Marion Grubbs, devise and bequeath all of my estate to Ella, Walter and Ida, my three children, as follows—to Ella Grubbs Tanner my old home southwest corner of Third and Johnson Street, Covington, Kentucky, and also one double brick, #311 and #313 Johnson Street, Covington, Kentucky. To Walter Grubbs one double brick house #315 Johnson and #317 Johnson Street, Covington, Kentucky, and also one brick house northwest corner of Sixteenth and Eastern Avenue, Covington, occupied by the Kroger Grocery & Baking Company. To Ida Grubbs Hunter my farm on the Covington and Lexington Pike now the Dixie Highway, for their own use and benefit for life if either should die without issue then the property must go to survivors and their heirs for life."

It was undoubtedly the testator's intention to give only a life estate in the several properties to his three children, respectively; hence it is apparent that the comma following the identification of the farm devised

to Ida Grubbs Hunter should be a period, and that "for their own use and benefit for life" should be read in connection with all the bequests. Browning v. Ashbrook's Ex'r, 175 Ky. 755, 195 S. W. 105. The language clearly denotes its application to each of them, and the limitation is not confined to the devise of the farm to Ida Grubbs Hunter, as appellee submits.

We then have this disposition of the estate in remainder:

"If either should die without issue, then the property must go to survivors and their heirs for life."

But the phrase, "and their heirs," is effectually deleted by the statute against perpetuities. Ky. Stats. sec. 2360; Carter's Trustee v. Gettys, 138 Ky. 842, 129 S. W. 308; Tyler v. Fidelity & Columbia Trust Co., 158 Ky. 280, 164 S. W. 939; Wilson v. Morrill, 205 Ky. 257, 265 S. W. 774; Chenoweth v. Bullitt, 224 Ky. 698, 6 S. W. (2d) 1061.

If each of the first life tenants die with a failure of issue, the remainder interest in his or her property goes to the survivor or survivors for life. This is enough on this phase for present purposes, for we need not declare who will be embraced by the term "survivor" or where the fee may rest ultimately. But see Brierly's Executor and Trustee v. Nelson, 228 Ky. 116, 14 S. W. (2d) 201; Bradshaw v. Waggener, 257 Ky. 769, 79 S. W. (2d) 193. The quitclaim deed is executed by the sister, Mrs. Ida Grubbs Hunter, and by the children of the brother, Wal ter Grubbs, who is now dead.

It will be observed that no express disposition is made of the estates if the respective devisees' children die with issue living. If the will had merely devised the property without limitation other than the added disposition in case the devisee should die without issue, each would have taken a defeasible fee, to be defeated only by the contingency happening. Walters v. Walters, 238 Ky. 290, 37 S. W. (2d) 48. But that rule of construction is not applicable, for there is an express devise of only a life estate, and no room for enlargement. 28 R. C. L. 238. The will provides for no contingency, the happening of which would vest the title in any child absolutely. If it had stopped merely with the gift of a life estate, the remainder would descend to the testator's heirs as his undevised property. Bourbon

Agricultural Bank & Trust Co. v. Miller, 205 Ky. 297, 265 S. W. 790; Slack v. Downing, 233 Ky. 554, 26 S. W. (2d) 497.

Although there is much authority to the contrary, based upon a very strict policy of implying no disposition in a will, we are of opinion that, where the devise is to one for life, then to a named remainderman in case the life tenant die without issue, and there is no express disposition of the remainder should he die with issue, as here, the necessary implication is that the remainder is devised to the life tenant's issue. Otherwise in the instant case it must be said the testator had the extraordinary intention of leaving the children of each life tenant no part of or interest in the estate given their parent, but leaving them (as survivors) a remainder interest in the property given their uncle and aunt and having their parent's patrimony revert to testator's estate and go down as intestate property. And, if all should die with issue, there would be a reversion of the entire estate. The presumptions of complete testacy and nondisherison fortify an implication of the devise of the remainder in fee to the issue of the life tenant. Newcomb v. Fidelity Trust Co., 108 S. W. 911, 33 Ky. Law Rep. 41; Froman v. Froman, 175 Ky. 536, 194 S. W. 809; Bourne v. Johns, 233 Ky. 448, 26 S. W. (2d) 13; 23 R. C. L. 493; Close v. Farmers' Loan & Trust Co., 195 N. Y. 92, 87 N. E. 1005; Anderson v. Messinger (C. C. A.) 146 F. 929, 7 L. R. A. (N. S.) 1094; Connor v. Gardner, 230 Ill. 258, 82 N. E. 640, 15 L. R. A. (N. S.) 73; Ball v. Phelan, 94 Miss. 293, 49 So. 956, 23 L. R. A. (N. S.) 895; Beilstein v. Beilstein, 194 Pa. 152, 45 A. 73, 75 Am. St. Rep. 692.

The conclusion, therefore, must be that the devise of the property involved is to Mrs. Tanner for her life, with the remainder vesting in her children as a class, the members of which cannot be determined until her death. Section 2344, Ky. Stats.; Hurst v. Russell, 257 Ky. 78, 77 S. W. (2d) 355; Underhill v. United States Trust Co., 227 Ky. 444, 13 S. W. (2d) 502. The record is silent as to whether Mrs. Tanner now has any children, but that is immaterial under the familiar legal presumption of childbearing so long as there is life. Tyler v. Fidelity & Columbia Trust Co., supra. The interest of the present survivors who have quitclaimed the land is only contingent.

Passing up the question as to ultimate rights of the parties or where the fee rests, there remains the obstacle of children in esse or in posse of the life tenant, Mrs. Tanner, who will or may receive the property upon her death. It is apparent, therefore, that the deeds tendered do not convey a fee-simple title and that the judgment decreeing specific performance of the contract is erroneous.

Judgment reversed.