Mercantile Bank of New York v. Ballard's Assignee.

CASE 68—PETITION EQUITY—DECEMBER 17.

# Mercantile Bank of New York v. Ballard's Assignee.

APPEAL FROM LOUISVILLE LAW AND EQUITY COURT:

1. REMAINDERS.—The present capacity of taking effect in possession, if the possession were to become vacant, distinguishes a vested remainder from one that is contingent.

   A devise for life, with remainder to the children of the life tenant, creates a vested remainder in the children, whether or not they are born when the will takes effect. The use of the word "children" makes the persons to take as certain as if the names of the remaindermen had been given. It is otherwise where the word "heirs" is used, unless it can properly be construed to mean children.

2. SAME.—The fact that the interest of the remainderman may be divested by his death before the death of the life tenant does not make the remainder a contingent one.

   Devise to A for life, remainder to B, but if B is dead at the termination of the life estate then to C, passes to B a vested estate and a contingent interest to C.

3. THE INTERVENTION OF TRUSTEES does not modify these rules of construction. The same rules apply as when the conveyance is direct.

4. CASE ADJUDGED.—A testator devised real estate to trustees for the use of his daughter, providing that "after her death, or if she die before me, the fee-simple of said property shall be conveyed to her children and their descendants in the same proportion as if it had descended from her; but if she have no child, nor descendant of a child, then to be held in trust for my son." Held—That the children of the life tenant took a vested remainder.

JOHN MASON BROWN AND GEORGE M. DAVIE FOR APPEL-LANT.

   Brief not in record.

JAMES S. PIRTLE AND A. P. HUMPHREY FOR APPELLEE.

   Brief not in record.

JUDGE PRYOR DELIVERED THE OPINION OF THE COURT.

   This appeal is from a judgment of the Louisville Law and Equity Court, dismissing appellant's peti-

tion. The right to the relief sought depends upon the construction given certain provisions of the will of Charles W. Thruston. The mother of the appellee's assignors was a daughter of the testator.

By the first clause of the testator's will all of his estate, real and personal, was devised to A. J. Ballard and John R. Churchill, in fee-simple, upon the trusts and for the uses therein expressed.

A farm owned by the testator was devised to his son, Samuel C. Thruston, during his life, or the use of it. The will provides: "But my said son is to have only the use thereof during his life for the maintenance of himself and family, and no part thereof shall be liable for his debts, nor shall he have the power to alienate, etc. After his death, *or if he die before me*, the fee-simple of said property shall be conveyed to his children, if he leave any, and their descendants, in the same proportion as if it had descended from him; but if he leave no children, or the descendant of a child, the same shall be held in like manner for the support, use and benefit of my daughter, Frances Ballard, during her life, as in the next clause directed, and after her death, or if she then be dead, to be conveyed to her children and their descendants, in the same proportion as if it had descended from her."

As to the property devised directly for the use of Mrs. Ballard, the will provides: "After her death, *or if she die before me*, the fee-simple of said property shall be conveyed to her children and their descendants, in the same proportion as if it had descended from her; but if she leave no child, nor

descendant of a child, then to be held in trust for my said son Samuel and his descendants, as in the second clause therein directed."

By the seventh clause of the will, the testator provided that if both his son and daughter died without issue living at their death, the testator's estate was to pass to certain collateral relations. The son, Samuel Thruston, died before the testator. Mrs. Ballard is still living, and has three children, Charles, Samuel and Rogers Ballard.

Charles and Samuel Ballard were *in esse* at the death of the testator, and have conveyed their interest in their grandfather's estate, whatever that may be, to the appellee. The question presented is: Did the estate devised to these children vest in them at the death of their grandfather when the will became operative, or was it a purely contingent interest, to take effect upon their surviving their mother, the life tenant. If a present interest, the deed of assignment made for the benefit of certain creditors to the exclusion of others must inure to the benefit of all. The Chancellor below held that they took no such interest, and dismissed the petition.

The case of Williamson v. Williamson, reported in 18 Ben Monroe, 329, seems to have been the authority upon which this case was determined. The devise in Taylor's will was: "The tracts or lots which I give to my daughters they are to have, hold and enjoy the rents and profits of the same for their separate and sole use during their natural lives, and at their deaths the title to the same is to vest in their heirs in fee forever."

Mrs. Williamson, at the death of the testator, had nine children, two of whom died under twenty-one, and without issue. Mrs. Williamson and her husband conveyed the life interest of the wife in two-ninths of the property to Wills, who reconveyed the same to Williamson. Williamson, claiming as heir of his two children their remainder interest, and the life estate of the wife in two-ninths of the estate, brought his action for partition. The question was, whether a vested interest passed to the children during the life of the mother, the life tenant. The court distinctly held in that case that the rule distinguishing a vested from a contingent remainder could not operate as a test, because the estate in remainder had been given to the heirs of the same person, who was the devisee for life. The court, however, applied a test in that case in this manner: Suppose A be the devisee for life, with remainder to the heirs of B, and then apply the rule whether during the life of B the remainder would vest in his heirs or be contingent. "In such a case," says the court, "if the possession were to become vacant by the death of A prior to the death of B, the estate in remainder could not take effect in possession, because during the life of B there would not be any person that could properly, and, technically speaking, sustain the character of his (B's) heir, and, therefore, the limitation in remainder would fail, the death of B in the life-time of A being the contingency on which it depended."

It is true that the remainder would take effect in the devise referred to if the possession was to

become vacant by the termination of the life estate, "but it would become (to use the language of the court) the event which determined the life estate, resolved the contingency, and rendered that certain which was before uncertain," and the estate in remainder would, therefore, be contingent and not vested. As in the test given, the death of B must occur before you could know who were his heirs, and the death of Mrs. Williamson, the life tenant, must happen before her heirs could be ascertained. It was for that reason and no other that the devise was held in that case to be a contingent remainder.

The case of Johnson v. Jacob, 11 Bush, 646, followed the case of Williamson v. Williamson. The will of Isaac R. Jacob read:

"After his death the property, with the unexpended avails, shall be conveyed and paid to his descendants, if there be any such then living. * * * If there be no such descendants, then the same shall be paid and conveyed to his heirs." Isaac R. Jacob died without descendants, and it was held that the interest of his brothers and sisters (who were his heirs) was contingent. This court said:

"It being impossible to ascertain what persons would fall within this description until the death of the life tenant, this would seem to be a case in which the remainder was undoubtedly limited to persons not ascertained, and some of whom were not *in esse* when the limitation was made."

Here again the event which renders the possession vacant also resolves the contingency upon which

the limitation depends, and makes that certain which was before uncertain.

The MS. opinion in the case of Mary Tyler v. Thomas P. Jacob (Feb. 1, 1833) involved the question as to whether the purchaser obtained a title by the conveyance tendered by Mrs. Tyler and her children. This court held that if one of the children of Mrs. Tyler should die leaving children, those children living at the death of the life tenant (their parent being dead) would take under the will, and the conveyance by the parent in his or her life-time would be a nullity.

The death of the child before the life tenant, leaving children, created the contingency upon which the purchaser would be deprived of title. It was clear in that case that a perfect title could not be made. It is true that, in the opinion, it is held that no interest vested in the children; but such was not the decision in Johnson v. Jacob, upon which that declaration was based. The case of Wilson v. Graham, another MS. opinion as to the character of the title, is somewhat similar. There the sale was for a reinvestment of the property, and the conveyance was "to Sally McCready, and to such child or children she may have by the said George McCready at the time of the death, or to 'the descendants of any such." It is evident that here was a vested interest in the child, subject to be defeated by the death of the child before the mother, and that was the only contingency arising from the conveyance. Whether that was such a contingent estate as might be sold under the statute by the

life tenant without making the child a party, is not necessary to be determined. The statement that this child or children, in either case found in the MS. opinions, took only a contingent interest, can not be sustained upon principle or by authority.

In the case of Feltman v. Butts, 8 Bush, 115, the devise reads: "I now give the said lot to my brother, Samuel Butts, during his life, and after his death I will said lot to his heirs." This could not have been a vested remainder unless there were facts upon the face of the will showing that the word heirs was used by the testator in the place of and for children.

So that the MS. opinions of Tyler v. Jacob and Wilson v. Graham are not authority for the appellees, nor the case of Feltman v. Butts authority for the appellant.

It is proper to refer to some elementary rules distinguishing a vested from a contingent remainder. The mere fact that an estate is to take effect and be enjoyed after the termination of an intervening estate will not prevent both estates from being vested at the same moment, and also an estate may vest in one subject to be divested in favor of another. Chancellor Kent says:

"It is not the uncertainty of enjoyment in the future, but the uncertainty of the right to that enjoyment which marks the distinction between a vested and contingent interest." (Kent's Commentaries, vol. 4, p. 206.)

"The present capacity of taking effect in possession, if the possession were to become vacant,

and not the certainty that the possession will become vacant, before the estate limited in remainder determines, universally distinguishes a vested remainder from one that is contingent." (2 volume Chitty's Blackstone, 169, note 10; Walter v. Crutcher, 15 B. M., page 10.)

"There can be no question that the tendency of the more recent decisions is clearly in favor of holding an estate in remainder vested where that can be fairly done without too great violence to the language used." (Redfield on Wills, volume 2, 232, 3d edition.)

With these elementary rules before us, the case under consideration can be readily distinguished from the cases of Williamson v. Williamson, 18 B. M., 329, and Johnson v. Jacob, 11 Bush, 646, in each of which the remainder was held to be contingent. The devise in the case before us is: "After her death (the daughter, Mrs. Ballard), or if she die before me, the fee-simple of said property shall be conveyed to her children and their descendants, in the same proportion as if it had descended from her; but if she leave no child, or descendant of a child, then to be held in trust for my said son Samuel and his descendants."

These children were in being at the death of the testator, and if the mother had died before the testator, by the express provision of the will would have been entitled in fee to the devised estate; but the mother surviving the children, became entitled to the remainder interest, to be possessed and enjoyed by them at her death, but subject to be

divested of that interest in the event they died before the mother, the life tenant. It is a plain devise to the mother for life, remainder to her children; and if they should die, or either of them, before the mother, the interest of the one dying to go to his children, if any, etc.

The present capacity of these children to take the possession existed from the moment of the testator's death, in the event the life tenant had died. There was no uncertainty of the right of enjoyment, because the objects of the devise in remainder were in existence and could take; but there was an uncertainty of enjoyment in the future, because the remainderman might die before the life tenant.

A devise to A for life, remainder to B, but if B is dead at the termination of the life estate then to C, passes to B a vested estate, and a contingent interest to C. This is the same character of devise, and the fact that the title is held in trust can make no difference.

The use of the estate for life, or the right to the rents and profits for life, with the legal title in trustees, with the direction to the latter to convey to the children, or such of them as are living at the death of the life tenant, vests the children with an equitable fee. "The same rules of construction apply whether the conveyance is direct or through the intervention of trustees." (2 Redfield on Wills, page 225.)

Mr. Redfield, citing the case of Browne v. Browne (3 Sm. & Gif., 568), says: "In this case the devise was to trustees for the use of A for life, remainder

to all and every of his child or children who shall attain twenty-one, as tenants in common in fee, with an intermediate limitation, and then over. It was held that upon the death of A, leaving one child, an infant, such child took a vested estate in fee-simple, liable to be divested upon his dying under twenty-one." (2 Redfield on Wills, 231.)

In Randall v. Doe (5 Dow, 202): "A devise to the children of testator's nephew as tenants in common in fee, but if such nephew should die without issue, or such issue should die under twenty-one, then over, all the children of such nephew living at his decease, although not of full age, took vested interests, liable to be divested by their decease before twenty-one." (Redfield on Wills, page 272, note, 3d ed.)

Suppose you insert in the will of Taylor, which was the subject of construction in the case of Williamson v. Williamson, the word children instead of the word heirs, could there then be any doubt but what the father of the deceased children of Mrs. Williamson would have inherited their interest in the devised estate? Yet the court, in that case, recognizing the rule that the law favors that construction of a devise which will cause the interest to vest, held that the word heirs, having both a legal and popular meaning when used alone, when there was nothing going to show that it was not used in its legal sense, it must be understood as having been so used, and the test given by the court in that case shows conclusively that as there could be no heirs of the life tenant during her life, there was no one

in being in whom the remainder could vest; and this doctrine was fully recognized and followed in Johnson v. Jacobs, 11 Bush, 646. A vested remainder creates a present interest in the remainderman, and there being no one during the life of Mrs. Williamson to hold the fee in remainder, no present interest could exist. There is no analogy between those cases and the provisions of the present will. Here the remaindermen are designated by the will and in existence, ready to take the possession whenever the life estate terminates.

In the case of Williamson and Others v. Fields' Ex'rs (2 Sand. Ch., 533), it is held, "when the person to whom a remainder, after a life estate is limited, is ascertained, and the event upon which it is to take effect is certain to happen, it is a vested remainder, although by its terms it may be entirely defeated by the death of such person before the termination of the particular estate."

In the case of Carver v. Jackson, 4 Peters, 1, in a deed evidencing a marriage settlement, the following grant was made: "to the use and behoof of the said Mary Phillips and Roger Morris (her intended husband) during their natural lives, then to the use and behoof of such child or children as shall or may be procreated between them, and to his, her or their heirs and assigns forever." This, said the court, "is a clear remainder in fee to the children of Roger Morris and wife, which ceased to be contingent on the birth of the first child, and opened to let in after-born children."

The reason it became a vested interest was the

birth of a child in whom the remainder interest could vest. The estate was contingent until the birth of the children, and in that case the rule is again recognized that limitations of this nature shall be construed to vest when and as soon as they may vest.

It is not necessary that the children should be mentioned by name, when living, at the death of the testator, in order to vest the title; and whether born or not when the will takes effect, the word children makes the person to take as certain as if the name of the remainderman had been given.

In Wight v. Shaw, 5 Cushing, 56, the devise was: ".to my son during his natural life, but if he marry and have children, then at his death to his children lawfully begotten and their heirs forever." It was held that the daughter of the son took a vested estate. Authorities might be multiplied on this subject, but we are satisfied that the weight of authority as well as reason favors such a construction of this will as will give to the children of Mrs. Ballard a vested interest in the estate devised to the mother as soon as the will of their grandfather took effect. There has been no period since the death of the maternal grandfather of these appellees that they could not have possessed and enjoyed the remainder, if the precedent estate had ended; the word children leaves no ambiguity as to who are the remaindermen.

These remaindermen may be divested of their interest by their death before the life tenant, and this would be at the risk of the purchaser accept-

ing a title from the children now in being, as in the case of Mary Tyler v. Jacob. This is the only contingency we perceive in this case the happening of which must terminate their right.

The judgment is therefore reversed, and the cause remanded with directions to overrule the demurrer, and for further proceedings consistent with this opinion.