CASE 78—PETITION EQUITY—JANUARY 28.

## White's Trustee v. White, &c.

APPEAL FROM MADISON COURT OF COMMON PLEAS.

1. CONTINGENT REMAINDERS.—A conveyance to A for life and at her death to B, should she survive A, and upon the death of both A and B, "to vest in fee-simple" in the children of B "*then* living and the representatives of such as may be dead," creates a contingent remainder in the children of B.

2. SAME.—Under our statute a contingent remainder in land passes by deed, and may be sold under decree of court.

J. A. SULLIVAN FOR APPELLANT.

1. Any interest in land, whether vested or contingent, may be disposed of by deed or will. (Gen. Stats., chap. 63, art. 1, sec. 6.)

2. The following language in a deed: "At the death of both grantees, Elizabeth Taylor and Lucy Ann White, to vest in fee-simple in the children of Lucy Ann White then living, and the representatives of such as may be dead in equal parts," conveys a vested interest to the children of Lucy Ann White. (5 Dana, 442, Bowling v. Dobyns; 18 B. M., 368, Williamson v. Williamson.)

C. F. & A. R. BURNAM FOR LUCY A. WHITE.

The children of Lucy Ann White took, under the deed, only a contingent and not a vested interest. (Willett's Adm'r v. Rutter s Adm'r, 8 Ky. Law Rep., 304.)

JUDGE BENNETT DELIVERED THE OPINION OF THE COURT.

R. J. White, Jr., made a deed of assignment to the appellant for the equal benefit of his creditors. The only property claimed by R. J. White, outside of that exempt from sale under execution, was one-fifth remainder interest in a tract of land containing two hundred acres. The appellant, as assignee of R. J. White, instituted suit in the Madison Court of Common Pleas for the purpose of having said one-fifth remainder interest sold. The chancellor, upon the hearing, dismissed the appellant's petition upon the ground that the interest of R. J. White in said land was that of a contingent remainder, and, therefore, as the life-tenant was still alive, could not be sold.

The habendum of the deed, under which R. J. White claims, is as follows: "To the grantee, Elizabeth Taylor, for and during her natural life, with all the rents and profits thereof, to be held and enjoyed by her, and at her death to the grantee, Lucy Ann White (should she survive Elizabeth), for and during her life, free from all control or liability of every kind of her husband, except the right to a house with the family during his life, which is secured to said R. J. White, Sr., and at the death of both of said grantees, Elizabeth Taylor and Lucy Ann White, to vest in fee-simple in the children of Lucy Ann White then living, and the representatives of such as may be dead, in equal, parts."

R. J. White, Jr., is one of five living children of Lucy Ann White. The words, "to vest in fee-simple in the children of Lucy Ann White then living," refer to such of her children as may be living at the time of

her death. This is made manifest by the succeeding clause, which provides that the representatives of such of the children as may be dead shall take in equal parts. Accordingly, the children take no interest in the land until after the death of their mother, Lucy Ann White.

The distinction between a vested and contingent remainder is, that in the former the interest must vest immediately, but the right to the enjoyment of the property is made to depend on some future event; in the latter, the interest does not vest immediately, but is made to depend upon some uncertain future event. Here, no interest · in the land vests in the children of Lucy Ann White, except such as may be living at the time of her death. It is clear, therefore, that R. J. White's interest in said land is that of a contingent remainder.

It is contended that, by the common law, a contingent remainder could not be sold by a decree of court, for the reason that the decree could operate on the title only, and as no title passed to the contingent remainderman until the happening of the contingency, there could be no sale in the interim by a decree of court.

But section 6, article 1, chapter 63, of the General Statutes, provides : "Any interest in or claim to real estate may be disposed of by deed or will in writing." This provision clearly embraces a contingent remainder interest in land. And as R. J. White conveyed the same by deed for the equal benefit of his creditors, the chancellor should have ordered the sale of said interest.

The judgment is reversed, and the case is remanded for further proceedings consistent with this opinion.