CASE 59—ACTION OF OHIO VALLEY BANKING & TRUST COMPANY AS ASSIGNEE OF J. H. MCALLISTER, AGAINST J. H. MCALLISTER, TO SUBJECT THE REMAINDER INTEREST OF ASSIGNOR IN LAND, TO HIS CREDITORS.—JAN. 15.

## McAllister v. Ohio Valley Banking & Trust Co.

APPEAL FROM HENDERSON CIRCUIT COURT.

JUDGMENT FOR PLAINTIFF AND DEFENDANT APPEALS.   AFFIRMED.

ASSIGNMENT FOR BENEFIT OF CREDITORS—CONTINGENT REMAINDER—INTENT OF PARTIES—SUFFICIENCY OF DEED.

Held:  1. A contingent remainder in land is a vendible estate, and in a deed of assignment of "all real and personal estate of every description," such estate passed to the assignee whether the parties to the deed believed it so passed or not.

2. Under Kentucky Statutes, section 75, providing that a deed of assignment for benefit of creditors "shall vest in the assignee

the title to all the estate, real and personal, of the assignor," and section 2341, providing that "any interest in or claim to real estate may be disposed of by deed or will in writing," a deed of assignment, which, after specifically naming certain property, real and personal, contained the words, "also all other real and personal estate of every description owned by the assignor," was sufficient to pass a contingent remainder in land.

R. D. VANCE, FOR APPELLANT.

### PROPOSITIONS DISCUSSED.

1. A deed of general assignment for the benefit of creditors conveying "real and personal estate of every description" owned by assignor does not embrace or convey a contingent remainder interest devised to the assignor.

2. Where a contingent remainder in land is devised and the contingency happened, after an assignment has been made by the devisee for the benefit of his creditors, the title vests in the devisee on the happening of the contingency and is after acquired property.

### AUTHORITIES.

Am. and Eng. Ency. of Law, 2d ed., p. 99; Am. and Eng. Ency. of Law, 2d ed., p. 111 and notes; Am. and Eng. Ency. of Law, 1st ed., vol 20, p. 969 ̃and notes; Challis' Real Prop., 58; Fearne on Remainders, 552; Matter of Ryder, 42 Am. Dec., 109; *In re* Benson, 16 N. B., 377; 8 Biss, 116; Fed. Cas. 1, 328; Lepps v. Lee, 17 S. W., 146; Loeb v. Struck, *et al.*, 42 S. W., 401; Goatley, etc. v. Crowe, etc., 66 S. W., 1030.

YEAMAN & YEAMAN, FOR APPELLEE.

Our contention is:

That it does not matter whether appellant's interest in the land in question be held to be a vested remainder or a contingent remainder, it was vendible, the subject of voluntary or compulsory sale and is such an interest in or claim to real estate as may be disposed of by deed or will in writing under section 2341, Kentucky Statutes, and beyond question passed to the assignee under the deed of assignment "of all other real and personal estate of every description owned by the assignor."

### AUTHORITIES CITED.

Kentucky Statutes, sec. 2341; Overton v. Means, 2 Ky. Law Rep., 211; Knefler v. Shrieve, 78 Ky., 297; White's Trustee v. White, 86 Ky., 602; (9 Ky. Law Rep., 757, 7 S. W., 26.)

Opinion of the court by JUDGE BARKER—Affirming.

On the 23d day of February, 1897, the appellant, John H. McAllister, being indebted to various persons, and unable to pay his creditors in full, executed and delivered a general deed of assignment to the Henderson Trust Company, conveying all his property, both real and personal, for the benefit of his creditors. The Henderson Trust Company afterwards consolidated with the appellee, the Ohio Valley Banking & Trust Company; and the latter company acquired the rights, and undertook to execute all of the duties of the Henderson Trust Company, necessary to carry into effect said trust. The deed of trust, the terms of which are involved in this action, contained a schedule of property, both real and personal, specifically named by the assignee as passing under the transfer, and in addition to this schedule were these words: "Also all other real and personal estate, of every description, owned by said McAllister." In addition to the property specifically mentioned in said deed of assignment, John H. McAllister was the owner of a contingent remainder in a large tract of land situated in Henderson county, Ky., his future interest in which was based upon the contingency of the life tenant, Dr. C. E. McAllister, of Chicago, dying without heirs of his body. It seems not to have been considered by either the assignee or the assignor, in the deed of assignment, that this contingent remainder passed under the deed of assignment to the assignee. Subsequently to the execution and delivery of the deed of assignment, the life tenant, Dr. C. E. McAllister, died, without heirs of his body, and the contingent remainder interest of appellant became a fee simple estate in said land. The appellee, the trust company, then instituted proceedings in the Henderson circuit court to subject the interest of John H. McAllister in said land;

claiming that the interest of the assignor passed to it under the deed of assignment. Upon trial in the court below, the chancellor held that said interest passed by the deed of assignment, and that the fee-simple interest was vested in appellee for the benefit of the creditors of assignor. From this judgment, appellant is complaining in this court.

The question as to whether or not the contingent remainder passed under the deed of assignment to appellee is one of law, and what the assignee and assignor may have thought about the matter is quite beside the question. The assignee undertook to convey to the assignor, in trust for his creditors, all of the property owned by him, whether real or personal; and if the contingent remainder constituted a vendible interest which passed by deed or will, then it vested in the assignee, in trust for the creditors, whether the parties to the deed of assignment believed it so passed, or not. Section 75 of the Kentucky Statutes, among other things, provides: ". . . And the deed [of assignment] shall vest in the assignee the title to all of the estate, real and personal, with all deeds, books and papers relating thereto belonging to the assignor at the time of making the assignment, except the property exempt by law shall not pass unless embraced in the deed." Section 2341 of the Kentucky Statutes provides: "Any interest in or claim to, real estate may be disposed of by deed or will, in writing." In the case of Bank v. Baumeister, 87 Ky., 6 (9 R., 845) (7 S. W., 170), it was held that a contract for an option to purchase real estate at an agreed price, within a specified time, is enforceable, and such option may be sold, assigned, or mortgaged. In the case of White's Trustee v. White, 86 Ky., 602 (9 R., 757) (7 S. W., 26), passing upon this very question, this court said: "It is contended

that by the common law a contingent remainder could not be sold by a decree of court, for the reason that the decree could operate on the title only, and, as no title passed to the contingent remainderman until the happening of the contingency, there could be no sale in the interim by a decree of court. But section 6, art. 1, c. 63, of the General Statutes (now section 2341 of the Kentucky Statutes), provides: 'Any interest in, or claim to, real estate may be disposed of by deed or will, in writing.' This provision clearly embraces a contingent remainder interest in land, and, as R. G. White conveyed the same by deed for the equal benefit of his creditors, the chancellor should have ordered the sale of said interest." Counsel for appellant seeks to distinguish this case from the case at bar, because in the deed of assignment in the case cited the assignee undertook to convey his contingent remainder by name, whereas in the case at bar the deed of assignment does not specifically mention the contingent remainder interest of appellant as passing under the deed. We do not think the distinction sound. The deed of assignment, as before said, undertook to convey to appellee all of the property, whether real or personal, owned by appellant at the date of the assignment; and the statute provides that such a deed shall operate to pass all property of the assignee, whether real or personal, except exempt property, which is not mentioned in the deed of assignment.

The only question in this case is whether or not a contingent remainder is a vendible estate, which passed by deed or will in writing. In the case of Overton v. Means, 2 Ky. Law Rep., 211, this court said: "Whether an interest by devise in land is vested or contingent, it is vendible, and subject to sale for the satisfaction of debts."

It seems to us that the question whether or not appellant's contingent remainder interest in the land in question passed under the deed of assignment made by him to appellee is concluded against him by the authorities herein cited, wherefore the judgment is affirmed.