## Bank of Taylorsville, et al. v. Vandyke, et al.

(Decided May 26, 1914.)

### Appeal from Spencer Circuit Court.

1. Wills—Construction of—Trust Estate—Right of Beneficiary to Income.—A testator devised to his son a tract of land "in trust for the support and proper maintenance during his life of his wife and children * * *; to have the use, occupation and control of said premises during said time and the profits thereof to be used for the purposes aforesaid, and none other at his discretion." Under this direction the son was given the use of the land during his life for the support of himself and wife and children, with full discretion to use and control the estate in execution of the trust, and he had the right to exercise a discretion in distributing the income among the beneficiaries.

2. Wills—Construction of—Trust Estate—Rights of Beneficiaries.— Where property was given to a trustee with directions to use the income in the exercise of a sound discretion for the support of the beneficiaries, he was not obliged to distribute the income equally between them or to save any part of the income, but had the right to use all for all of them or a part of them, in a sound discretion. None of the beneficiaries had a distinct or severable interest that could be subjected to the payment of his debt.

3. Wills—Construction of—Contingent Remainder.—Where a testator devised property in trust to his son for the support of his son and family during the life of his son, and after his death "to descend to his heirs per stirpes," each of the children of the son took a contingent remainder in the land. If any of them died childless before the son, his interest lapsed, but the interest of those who survived the son became vested on the death of the son.

4. Contingent Remainder—Is a Vendible Estate.—A contingent remainder is a vendible estate and may be sold and conveyed by the contingent remainderman or subjected to his debts, but the vendee or purchaser takes subject to the contingency of the

remainderman surviving the life tenant. If he survives, all his interest passes to the vendee or purchaser; but if he dies before the life tenant, the vendee or purchaser takes nothing.

5.  Deeds—Error in Description.—Where a debtor, who owned an undivided one-fourth interest in an estate, conveyed to an assignee in trust for the benefit of his creditors his entire estate of every kind and description, and the assignee by inadvertence or mistake conveyed, in conjunction with the assignor, to the purchaser the interest in the land, describing it as one-fifth when it should have been described as one-fourth, this error did not deprive the purchaser of the right to the whole of the interest of the assignor, as it was intended that he should take the entire estate.

L. W. ROSS for Bank of Taylorsville, appellant.

J. W. CRUME and BENEDICT ELDER for appellant Hardesty.

EDWARDS, OGDEN & PEAK for appellee Abe Vandyke.

WILLIS, TODD & BOND for appellee Carpenter.

SAMUEL K. BAIRD for appellees, George Vandyke's Executor and Thomas Vandyke.

OPINION OF THE COURT BY JUDGE CARROLL—Affirming.

This case involves the construction of the will of A. Vandyke, who died testate in March, 1883, and especially the second item thereof. The testator had several children, among them George A. Vandyke, and in the second clause of his will he said:

"I hereby will and devise to my son, George A. Vandyke, in trust for the support and proper maintenance during his life of his wife and children, my home farm lying in Spencer County, State of Kentucky, on the Taylorsville & Waterford road about two miles from Taylorsville, and being the same farm upon which said George now resides under a lease from me, and containing about 430 acres more or less. Said George as trustee to have the use, occupation and control of said premises during said time, and the profits thereof to be used for the purposes aforesaid and none other at his discretion.

"I hereby release him from any rents which may be due me at my death for the rent of said farm. No security of any kind is to be required of said George as trustee as aforesaid, and at his death the trusteeship is to

end and said land I direct shall then descend to his heirs *per stirpes.*"

George A. Vandyke had four sons and one daughter but one of his sons died intestate and without issue before the death of George, who died in 1912, leaving surviving him his daughter and three sons, one of whom was John A. Vandyke. During the life of his father John A. Vandyke became involved financially and made an assignment of all of his property for the benefit of his creditors, and his assignee, before the death of his father, sold whatever interest John had in the 430 acres of land mentioned in the will of his grandfather. At this sale by the assignee, George A. Vandyke, the father, became the purchaser of this interest, and John Vandyke and his wife joined in the deed made by the assignee to him.

George Vandyke left a will by which he gave to the children of John A. Vandyke one-fourth of his estate, not leaving anything to their father.

After the death of George Vandyke, the Bank of Taylorsville and other creditors of John A. Vandyke brought this suit, in which they sought to subject to the payment of their debts the interest of John A. Vandyke in the estate of his grandfather, proceeding upon the theory that under the will of George A. Vandyke, John A. Vandyke took no estate in the land that he could dispose of before the death of his father, and therefore neither the deed of assignment nor the deed subsequently made by him to his father in connection with the assignee, conveyed any interest in the land, and this being so, J. A. Vandyke, upon the death of his father came into the title under the will of A. Vandyke of an interest that could be subjected by these creditors.

It further appears that, although John A. Vandyke conveyed all the estate he had, including his interest in this land, to the assignee, that when the assignee and John conveyed John's interest in the land to his father, George, that the deed described the interest of John as a one-fifth interest in the land when in fact at that time his interest was one-fourth, as there were then only four children of George living, and so it is said that in any event George owned, at the death of his father, 5-20 of the land, and this interest the creditors had the right to subject.

It is further set up that George A. Vandyke had never rendered an account as trustee, and they prayed

for an accounting by him and that John's share in the proceeds of the farm, if any remained, be adjudged to them.

On hearing the case, the lower court adjudged that "John A. Vandyke took a contingent remainder under the will of A. Vandyke in the tract of land described in the petition; that he thereafter conveyed his interest therein to W. P. Beard, assignee, for benefit of the creditors; that the said W. P. Beard, assignee, conveyed said interest to George A. Vandyke, and that said George A. Vandyke died seized of said interest, to-wit: an undivided one-fourth interest in said land. The court further adjudges that Wade Vandyke, he having died before his father, George A. Vandyke, took nothing under the will of A. Vandyke. It is therefore adjudged that the defendant, John A. Vandyke, has no interest in the land described in the petition and that the petition be dismissed."

From this judgment the creditors appeal.

We think the testator intended to and did by the second clause of his will give to George A. Vandyke during his life for the support and maintenance of not only himself but his wife and children, the land therein described. At the death of George A. Vandyke the trusteeship was to end and the land to descend to his heirs *per stirpes,* but during his life George as trustee had full discretion to use and control the estate in execution of the trust, but he had no other or larger estate in the land. It is very evident that the testator intended by this clause to make provision for his son George and his wife and children during the life of George, and whatever income was derived from the estate the trustee had the unqualified right to devote to the purposes of the trust, which was the support and maintenance of himself and his wife and children.

This provision of the will is very similar to a provision in the will of B. C. Hackett construed by this court in Hackett v. Hackett, 146 Ky., 408. In that case as appears from the opinion, the creditors of the beneficiaries of the trust sought to subject their interest, but it was said: "A number of cases may be found in which it has been held that where the interest of one of several beneficiaries of a trust is separable from the interest of other beneficiaries, it may be taken for his debts. Such

was the doctrine announced in Stephens v. Backrow, 104 Ky., 181, and White v. Thomas, Trustee, 8 Bush, 661. There are yet other cases which hold that an income given in trust for the cestui's support, can not be reached by creditors and thus diverted from the purpose for which it has been set apart, unless the creditor who seeks to subject it to his claim can show that the amount provided is more than adequate for the suitable maintenance of the beneficiary. But this case does not fall within either of these rules, for the interests of Jacob and T. B. Hackett are not separable from those of the other cestuis que trust, nor does it appear that the income or profits derivable from the land devised either of them, is more than sufficient for the support of his wife and children. Indeed, it is alleged in their answers and in that of the guardian of the children, that there are no profits arising from the lands over and above what is necessary for the support of the wives and children, and these averments of the answers are not denied."

Adopting the views of this opinion, it disposes of the claim of the creditors that they had the right to require George Vandyke as trustee to settle his accounts and to subject to their debts any surplus in his hands that might be due to John A. Vandyke, as it does not appear from the record that the trustee had any surplus or indeed any estate in his possession to which John A. Vandyke was entitled. As said in the Hackett opinion, there are cases in which an income given in trust for the support of the cestui que trust could be reached by his creditors, but the record does not bring the case we have within the exceptions to the general rule. The income of the estate placed in the hands of George as trustee was set apart to be applied for the use of all of the beneficiaries, or such of them as George, in the exercise of a reasonable discretion, might see proper to devote it, and it does not appear that the income was larger than was needful for the purpose intended. He was not obliged to distribute the income equally between them or to save any part of the income, but had the right to use all of it for all of them or part of them in his sound discretion. None of the beneficiaries had a distinct or severable interest that could be subjected to the payment of his debts and there was no surplus. This disposes of so much of the claim of the creditors as asked an accounting.

Nor do we think the error in the deed made by the assignee and John Vandyke to George Vandyke conveying to him the interest of the assignee and John left John the owner of any interest in this estate that the creditors might subject. John Vandyke conveyed all his right, title and interest in this land to his assignee, and it was plainly the purpose of the assignee and John to convey all of it to George Vandyke as purchaser from the assignee. It is true that at the time the deed was made by the assignee to George Vandyke, John had a one-fourth, not a one-fifth, interest in the land, while their deed only conveyed to George a one-fifth interest. But this error, which was merely in a description of the estate, should not under any rule of construction that we are acquainted with be held to deprive George of the interest that it was intended to convey to him by the assignee of John A. Vandyke. Possibly the error in the deed to George Vandyke should have been corrected in a proper proceeding, but it would be mere trifling with the substance of the transaction to say that under the circumstances of this case John A. Vandyke had some interest in this land that the exact words of the deed made by himself and the assignee did not embrace.

But if the view of counsel for the creditors should obtain, this unconveyed interest is not owned by John, but by his assignee, because unquestionably he conveyed to his assignee all of his interest in the estate, and if the assignee by inadvertence failed to convey to the purchaser all the interest that George had in the estate, or the whole of the interest purchased, the title of what was not conveyed would remain of course in the hands of the assignee for the satisfaction of the trust. So that looking at the matter from any standpoint, John has no interest growing out of this mistake that the creditors can subject.

The remaining question, and the principal one argued by counsel for the creditors, relates to what estate John A. Vandyke took under the will of A. Vandyke, and whether it was a vendible estate or not. This question has been settled in more than one case, and is therefore free from difficulty. In White's Trustee v. White, 86 Ky., 602, the deed under which the controversy arose read:

"To the grantee, Elizabeth Taylor, for and during her natural life, with all the rents and profits thereof,

to be held and enjoyed by her, and at her death to the grantee, Lucy Ann White (should she survive Elizabeth), for and during her life, free from all control or liability of every kind of her husband, except the right to a house with the family during his life, which is secured to said R. J. White, Sr., and at the death of both of said grantees, Elizabeth Taylor and Lucy Ann White, to vest in fee-simple in the children of Lucy Ann White then living, and the representatives of such as may be dead, in equal parts.''

R. J. White, Jr., was one of the five living children of Lucy Ann White. He made a deed of assignment for the benefit of his creditors, and the assignee sought to sell, for the benefit of the trust, the one-fifth interest that R. J. White, Jr., owned in the land described in the deed. The lower court held that the interest of R. J. White was that of a contingent remainder, and therefore, as the life tenant was alive, could not be sold; but this court, in holding that R. J. White took a contingent remainder in the land, and as he conveyed all of his estate to his assignee, the lower court should have ordered the sale of his undivided one-fifth interest in the land, saying:

''The distinction between a vested and contingent remainder is, that in the former the interest must vest immediately, but the right to the enjoyment of the property is made to depend on some future event; in the latter, the interest does not vest immediately, but is made to depend upon some uncertain future event. Here, no interest in the land vests in the children of Lucy Ann White, except such as may be living at the time of her death. It is clear, therefore, that R. J. White's interest in said land is that of a contingent remainder.'' To the same effect is Williamson v. Williamson, 18 B. M., 329.

In Leppes v. Lee, 92 Ky., 16, the court, quoting with approval the White case, said: ''But while a contingent interest may be conveyed or devised, yet if the grantor or devisor dies before it becomes effective, and no estate has ever vested in him, the grantee or devisee takes nothing. No right having ever vested in the devisor or grantor, nothing passes. It is merely a devise or grant that may become effective if the devise to him becomes so; and this never having taken place in this case, it results that the appellant has no right to any part of the estate in contest.'' To the same effect is Mercantile Bank of New York v. Ballard's Assignee, 83 Ky., 481.

In Grayson v. Tyler, 80 Ky., 358, it appears from the opinion that Frederick Grayson died leaving a will by which he made devises to his wife and mother of portions of his estate during their respective lives, and upon their death the residue was to be divided among his nieces and nephews "then living, that are now or may before that time be born." One of the nephews, John C. Grayson, during the life of the wife and mother, sold to John W. Tyler all his interest in the estate. After this John W. Tyler and the wife and mother died, and John C. Grayson sought to recover the interest that he had sold to John W. Tyler during the life of the wife and mother, upon the ground that at the time of the sale to John W. Tyler he had no interest that could be the subject of a sale, as his right to an interest depended upon his surviving the life tenant. It was further insisted that a contingent remainder was not capable of alienation where the person who is to take it is not ascertained or because the remainder may be defeated before it becomes vested. The court, in rejecting the claim of Grayson, said that the only contingency upon which his right to the interest in the land could be defeated was by dying before the life tenant. That he had an interest in the estate under the will that nothing could defeat so far as he was concerned, but the happening of the contingency of his death before that of his mother.

In McAllister v. Ohio Valley Banking & Trust Co., 114 Ky., 540, McAllister made a general deed of assignment for the benefit of creditors, and at the time the deed was made, owned an interest in a tract of land depending upon the contingency of the life tenant dying without heirs of his body. When this happened, the assignee sought to subject this interest, upon the ground that it had passed to him under the deed of assignment. The court held that McAllister took a contingent remainder in the land that was the subject of sale, and that, although the deed of assignment did not specifically mention this contingent remainder, it passed under the deed to the assignee. To the same effect are: - Davis v. Willson, 115 Ky., 639; Campbell v. Hinton, 150 Ky., 546.

Under the authority of these cases, John A. Vandyke took a contingent remainder, subject to be defeated only by his death before that of George A. Vandyke. And this contingent remainder John A. Vandyke had the right to and did convey to his assignee. As John A.

Vandyke survived George, upon the death of George this contingent remainder was converted into a fee, and this fee being owned by George at his death passed under his will, which excluded John A. Vandyke from participation in his estate.

The judgment is affirmed.