## Stevens v. Stevens.

(Decided June 21, 1927.)

### Appeal from Ohio Circuit Court.

1. Deeds.—Where habendum of deed manifested intention to convey a life estate to father with remainder for life to sons and remainder at their death to their "natural," it being manifest that there was an ellipsis and that it was intended to give remainder to sons' natural heirs, the word "heirs" will be supplied, and sons' heirs took contingent remainder, which contingency determined and right of possession vested at time of the sons' death.

2. Deeds.—Where land was conveyed to father and sons, giving exclusive use to the father during life and in like manner for natural lives of sons, with remainder to the sons' natural heirs, interest of either son could be alienated, though it ceased to exist if the remainderman did not survive the first taker.

3. Deeds.—Where, under deed to father and sons, life estate was conveyed to the sons as tenants in common, with remainder to their natural heirs, without indication that property was to be held by them jointly or that both life estates were to be held by the survivor, remainder to a moiety of land vested on the death of either.

4. Deeds.—Where deed to father and sons created life estate in sons with remainder to their natural heirs, when one son conveyed his interest in the property to the other at a time when the latter had no children, but whose father and mother were his heirs presumptive, grantor at that time had no contingent interest in the remainder and conveyed only his life estate.

5. Deed.—Where deed created life estate in grantees with remainder to their natural heirs, and one grantee purchased the estate of the other, and his mother survived him as heir presumptive, held that her contingent remainder in the moiety in which he was granted a life estate in the original deed became a fee.

6. Descent and Distribution.—Where, under deed, sons were given a life estate with remainder to their natural heirs, and on death of one life tenant contingent remainder of his mother as his heir in moiety in which he was granted a life estate became a fee, and on the mother's death was inherited by plaintiff, since she owned a fee in the moiety for several years, plaintiff could not recover for anything affecting it occurring during her ownership which was done with her consent and agreement.

7.    Life Estates.—Where deed created life estate with remainder to
  life tenant's natural heirs, in ejectment by life tenant and re-
  mainderman 15-year statute of limitations, based on adverse pos-
  session of land which was not adverse to claims of remaindermen,
  held unavailable.

RONE & HOWARD, GLOVER H. CARY and J. EDW. ROE for
appellants.

BARNES & SMITH and J. S. GLENN for appellee.

OPINION OF THE COURT BY JUDGE McCANDLESS—Re-
versing.

On the 8th of December, 1883, V. D. D. Stevens'
family consisted of his wife and two sons, A. L. and
Wayne. On that date, in consideration of the execution
of a note for $800.33, by V. D. D. Stevens, one H. J. C.
Lindley, as party of the first part, conveyed a tract of
land to V. D. D. and A. L. Stevens and Wayne Stevens,
as parties of the second part; the habendum reading:

"To have and to hold to the said parties of the
second part for and during their natural lives with
the express understanding that the said V. D. D.
Stevens is to have the exclusive use, benefit and con-
trol of the said land during his natural life and of
exchanging or selling or reinvesting the purchase
money for the same for other lands to be applied to
the same use and purpose and enjoyed in like manner
for the natural lives of the said parties of the second
part with remainder to the natural of the said Alonzo
L. and Wayne N. Stevens, parties of the second part
with remainder to the natural of the said Alonzo L.
and Wayne N. Stevens, with covenant of warranty,"
etc.

On the 11th of May, 1905, A. L. conveyed to Wayne
all the right, title, and interest he had in the property.
On the 5th of April, 1909, V. D. D. Stevens died, leaving
a surviving widow. On the 7th of June, 1918, Wayne
died childless and testate, devising all of his property
to his wife, Magnolia, burdened with the care of his
mother, who later died March 6, 1921. Magnolia sold
timber from the farm, and insured the buildings thereon
in her own name and collected a policy of $1,500 upon the
destruction of a building so insured. She also sold a
right of way over the farm in question to the state high-
way commission for a public highway and collected the

consideration therefor. On the 24th of May, 1925, A. L. Stevens and his daughter, Lizzie Stevens Porter, brought suit in ejectment against Mrs. Magnolia Stevens to recover the land and reasonable rentals, together with the items of alleged damage enumerated above. They also filed several amended petitions, in one of which they asked that the action be transferred to equity, and the habendum in the deed above set out reformed by inserting the word "heirs" after the word "natural;" it being claimed that this was omitted by mistake in the original instrument. The defendant filed answer in a number of paragraphs, demurrer to which was overruled, and the court later carried the demurrer back to the petition as amended, sustained this, and dismissed the petition. In the meantime, A. L. Stevens died, and at the ensuing term of court, after the petition was dismissed, Mrs. Porter tendered an amended petition setting up that fact.

Considering the language of the habendum quoted, supra, it is clear that it was the intention of the parties to convey a life estate to V. D. D. Stevens, with remainder for life to Alonzo L. and Wayne N. Stevens. The remainder at their deaths is to their "natural." Here, there is an ellipsis—that a word is omitted is too clear for controversy. The adjective "natural" is meaningless unless the word it modifies is supplied. "Natural" children could have been meant, as could "natural" descendants; but it is not likely that either of these was intended, and the most reasonable interpretation is that it was intended to say "natural heirs." Indeed it is hard to think of any other plausible use of the word "natural." With the ellipsis thus supplied, a contingent remainder was given to the heirs of A. L. and Wayne Stevens. This contingency determined and the right of possession vested at the time of their death. Turner v. Johnson, 160 Ky. 611, 169 S. W. 988; Williamson v. Williamson, 18 B. Mon. 366; Johnson v. Jacob, 11 Bush 646; Lindenberger v. Cornell, 190 Ky. 852, 229 S. W. 54.

Appellees insist that Coots v. Yewell, 95 Ky. 367, 25 S. W. 597, 26 S. W. 179, 16 Ky. Law Rep. 2; Baxter v. Bryant, 123 Ky. 235, 94 S. W. 633, 29 Ky. Law Rep. 658, and Bourbon Agr. Bank & Trust Co. v. Miller, 205 Ky. 298, 265 S. W. 790, hold otherwise, but in this they are mistaken. In those cases the life estate was given to the first taker, with remainder at his death to his children in one instance, to his issue in another, and in

a third to his descendants.   No children were born to the first taker in either case, and, as there was no remainderman in esse it was held that there was no grant of the fee which in default of a grantee remained in the grantor. The distinction between those cases and this is that here the remainder is to the heirs of the first taker, and, while no one is heir to the living and a person's heirs can only be determined at his death, every one has next of kin or heirs under the statute of descent and distribution who may be regarded as heirs "apparent" or "presumptive" according to the nearness of the degree of relationship, and who in such a conveyance take a contingent remainder or remainders.   This is such an interest as may be alienated, though it ceases to exist if the remainderman does not survive the first taker, as that event determines the vesting of the title and the right of possession. Leppes v. Lee, 92 Ky. 16, 17 S. W. 146, 13 Ky. Law Rep. 317; White's Trustee v. White, 86 Ky. 602, 7 S. W. 26, 9 Ky. Law Rep. 757; Mercantile Bank v. Ballard's Assignee, 83 Ky. 481, 4 Am. St. Rep. 160; Grayson v. Tyler, 80 Ky. 358; McAllister v. Ohio Valley Banking & Trust Co., 114 Ky. 540, 71 S. W. 509, 24 Ky. Law Rep. 1307; Bank of Taylorsville v. Vandyke, 159 Ky. 201, 166 S. W. 1024; Turner v. Johnson, Ex'r, 160 Ky. 616, 169 S. W. 988.

Construing the deed in its entirety, it is clear that A. L. and Wayne Stevens were conveyed life estates as tenants in common.   There is nothing to indicate that the property was to be held by them jointly or that both life estates were to be held by the survivor; hence the remainder to a moiety of land vested on the death of either.   In 1905, when A. L. conveyed his right, title, and interest in the property to Wayne, the latter had no children, but his father and mother were living and were his heirs presumptive; hence A. L. Stevens at that time had no contingent interest in remainder and conveyed only his life interest in the moiety.   As Wayne had purchased the life estate of A. L. in a moiety of the land at Wayne's death, this interest passed under his will to his wife, Magnolia Stevens.   And, as his mother survived him, her contingent remainder in the moiety in which he was granted a life estate in the original deed became a fee. Upon her death this was inherited by A. L. Stevens, but, as she owned the fee in a moiety for several years, A. L. would not be entitled to recover for anything affecting

this moiety that occurred during her ownership that was done with her consent and agreement.

The defendant also pleaded that V. D. D. Stevens, A. L. Stevens, and Wayne Stevens construed the Lindley deed as a conveyance in fee simple to the three, and alleged that in 1905 Wayne conveyed A. L. his interest in a much more valuable tract of land in exchange for the interest of A. L. in the tract involved in this litigation; that A. L. has since sold that tract, and they seek to trace the consideration paid therefor, the issues being rather involved. We hardly see how this defense could be maintained, but such facts upon a proper showing might estop A. L. and those claiming under him from seeking to recover the moiety in remainder then owned by him. She also pleaded the 15-year statute of limitation based on adverse possession of the land in question since 1905. It does not appear, however, that this possession was adverse to the claims of the remaindermen, and it cannot prevail. No opinion is expressed as to the availability of the statute of limitation as to any of the alleged items of damage, as the dates of these do not clearly appear. It further appears that, since the petition was dismissed, A. L. Stevens has died, and the other moiety has vested in Mrs. Porter. On a return of the case, she should be permitted to file an amended petition upon these facts.

Wherefore the judgment is reversed, and cause remanded, with leave to either party to amend the pleadings and for further proceedings in accordance with this opinion.