MATTHEWS v. CURTIS ET AL.

*Trusts—Land conveyed for life with remainder in children— Trustees to keep property free from liens and incumbrances—Children's interest not subject to attachment or execution, when—Fee vests in remaindermen, subject to life estate, when—Validity of judgment in attachment after service by publication.*

1. Where, for a valuable consideration, land was conveyed to trustees to the use of a named person during his life, with direction that trustees should keep it free from incumbrances or liens and on death of such person convey it to his children, *held*, law with reference to vesting of estate in remainder under a devise did not apply, and before death of first beneficiary his children had no interest subject to attachment or execution.

2. On devise of life estate with remainder to children of life tenant, fee vests in children subject to life estate.

3. Judgment entered in suit on service by publication, after

[1] Attachment, 6 C. J. § 372 (Anno.); Executors and Administrators, 23 C. J. § 66 (Anno.); [2] Wills, 40 Cyc. p. 1678; [3] Judgments, 33 C. J. § 49.

attachment of supposed interest in realty, which did not in fact exist, *held* void.

(Decided March 8, 1926.)

ERROR: Court of Appeals for Hamilton county.

*Messrs. Littleford & Ballard,* and *Mr. George Metzger,* for plaintiff in error.
*Mr. Paul J. Wortman,* for defendants in error.

CUSHING, J. The action in the court of common pleas was in partition. Numerous parties were made defendants. The question here relates only to the defendants Dorothy Curtis, Margaret Curtis, and Aaron Burr Curtis, who at the date of the filing of this action were respectively 4, 6, and 8 years of age. They were duly served with summons. A guardian *ad litem* was appointed, and he answered for them.

John D. Matson in his lifetime owned the property described in the petition. He deeded it to John B. Matson August 26, 1874. He died January 21, 1876. The deed to John B. Matson was in trust. It provided the disposition that the trustee or his successors in trust should make of the property. John B. Matson, trustee, died in January, 1903, and Walter M. Schoenle was duly appointed as successor to John B. Matson, trustee, and, as directed by the court, conveyed the property to the children of Albert Matson and to Dorothy Curtis, Margaret Curtis, and Aaron Burr Curtis, the defendants above named. On the execution of the deed in 1874, Albert Matson entered into possession and enjoyment of the real estate, and so continued until his death April 27, 1924.

Albert Matson had four children, one of whom was Jacob F. Matson. He died September 21, 1908, leaving as his only heir Murn Matson. She married A. B. Curtis. She died December 13, 1918, and left surviving her her husband and the minor defendants above named.

The deed in question was executed for a valuable consideration, and contained the following provision:

"To have and to hold the same to the said John B. Matson in trust and confidence that he will permit and allow said Albert Matson to use and enjoy the said real estate and all the rents, issues, and profits thereof during his lifetime and upon the further trust and confidence that he the said John B. Matson, trustee as aforesaid, shall convey to the children of said Albert Matson their heirs and assigns forever, upon the death of the said Albert Matson, the premises above described as fully and as free from any incumbrances or lien as the same are at this date, subject to one third of said land being set off to and held by Anna Matson, wife of said Albert Matson during her life, which said trustee is to convey to her for her life as aforesaid to be set off by her by court. The said John B. Matson, trustee, as aforesaid, and his heirs do hereby covenant and by the acceptance of this instrument of conveyance does agree upon the death of said Albert Matson to convey upon request by proper deed of conveyance, to the said children, their heirs and assigns forever and to said Anna Matson, wife of said Albert Matson, one-third thereof for her life, the premises above described as free from incumbrances as the same

are at present. And also to permit and allow the said Albert Matson and his wife, or whomsoever they may appoint to receive and enjoy the said rents, issues, and profits of said land and to possess, occupy, and use the same during the lifetime of the said Albert Matson and wife.''

The controversy in this case grows out of the answers of Edward M. Ballard, Ora Matthews, and Joseph Barnett. September 20, 1904, Ora Matson (Matthews) brought an action against Jacob F. Matson, in the court of common pleas of Hamilton county, Ohio, being case No. 129866, praying for judgment for $2,000. Jacob F. Matson was not a resident of Ohio. The plaintiff, in that action, undertook to attach the interest of Jacob F. Matson in the real estate in question. Service by publication was made, and, on March 27, 1905, she recovered a judgment against Jacob F. Matson for $1,040, and costs. The same year an execution was issued and levy made on the real estate described in the petition. In 1910, a second execution was levied.

The defendants Ballard et al. claimed that Jacob F. Matson had a vested interest in the real estate, growing out of the fact that he was a son of Albert Matson, and that the deed provided that on the death of Albert Matson the trustee should convey to the children of Albert Matson, their heirs and assigns forever, the premises above described. The deed contained the further provision that the trustee, after the death of Albert Matson, should convey the property ''as free from any incumbrances or lien as the same are at this date.''

Counsel for plaintiff in error cite many cases to

the effect that, where property is devised for life, with remainder to children, or for life, with instructions that after the death of the life tenant the property should be sold and the proceeds divided, as authority for holding that the attachment, judgment, and execution on the property in question gave the plaintiffs in error a valid lien on the same.

Our inquiry then is as to whether or not Jacob F. Matson had any title to the property that could be attached, or sold under execution, at the time of bringing the action against him in 1904. The conveyance to the trustee was by deed. It was not a will, nor did it partake of the nature of a disposition of property in a testamentary capacity. The property was transferred for a consideration, and the title to the property vested in John B. Matson, as trustee, and his successors in the trust. They were directed to hold the property and convey it ''as free from any incumbrances or lien as the same are at this date.'' This means that the title to the property was vested in John B. Matson and his successors in the trust; that he did not have any power to incumber the same, or sell or lease it. It was so placed for the purpose of preventing, not only the trustee, but the *cestui que trust* and his children, from incumbering the same until after it had been conveyed by them, as provided in the deed.

It should be observed that, if the property vested in Jacob F. Matson, subject to the life estate of Albert Matson, there could be no occasion for any transfer from the trustee to the children of Albert

Matson, and the provision in the deed for transfer would be surplusage.

As we view it, the law with reference to vesting of estates in remainder, under a devise, has no application to the case at bar.

Plaintiff cites and emphasizes the cases of *Mercantile Bank of N. Y.* v. *Ballard's Assignee,* 83 Ky., 481, 4 Am. St. Rep., 160, and *Williams* v. *Lobban, Adm'r.,* 206 Mo., 399, 104 S. W., 58. We fail to see wherein these or any other cases cited are in point. There is no doubt that in the case of a devise of a life estate, with remainder to the children of the life tenant, the fee vests in the children, subject to the life estate. But that is not the case at bar.

The case of *Dunkerson* v. *Goldberg,* 162 F., 120, 89 C. C. A., 120, is cited by plaintiff. In that case, the property was deeded to Fremon, in trust for the use and benefit of Harriette Hunt, and, after her death, to and for the use and benefit of Daniel B. Hunt, her husband, and his heirs forever. The deed also contained a provision that on the written request of Harriette and Daniel B. Hunt the trustee could lease, mortgage, or sell the property. In that case, the court said (page 123 [89 C. C. A., 123]):

"A critical examination of the Mugan deed, however, fails to convince us that any attempt was thereby made to cut out the estate by remainder, or that the deed, when properly construed, has that effect."

In the case at bar, the grantor, by unmistakable language, did cut out the estate in remainder. In the *Dunkerson case, supra,* no provision was made

for a transfer. In the case at bar, not only is a provision made for transfer, but the condition in which the property is to be transferred is set out.

In other words, the absolute title was vested in the trustee, for the purpose of holding the property and keeping it free from liens, incumbrances, or sales, until the date of transfer arrived. It was to be held by the trustee until after the death of Albert Matson. It could not be levied on to pay the debts of Albert Matson, Anna Matson, his wife, or any of their children. Jacob F. Matson at no time had any interest in the property that could be attached, levied upon, or sold on execution.

It follows that the attachment, the service of summons by publication and the levy of execution were void. In fact, at the date of the judgment in 1905 there was no action pending in the court of common pleas against Jacob F. Matson. The judgment rendered at that time was void.

The judgment of the court of common pleas will be affirmed.

*Judgment affirmed.*

BUCHWALTER, P. J., and HAMILTON, J., concur.